UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cheryl S. Swinson, | § | |
|     *Plaintiff,* | § | |
| vs. | § | Civil Action H-06-1446 |
| | § | |
| Excellence, Inc. dba Children First | § | |
| Academy of Houston, *et al.*, | § | |
|     *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Individual defendants Bernard Snowden, Fannie Bradford, Doris Carter, and Sherwin Allen have filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff Cheryl S. Swinson, was properly served with this motion on December 14, 2006, but has filed no response. Failure to file a timely response may be taken by the court as a representation of no opposition. LOC. R. S.D. TEX. 7.4.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In other words, a claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Prop.*,

*Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). Moreover, to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations or unwarranted deductions of fact. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

In the complaint, Swinson asserts Title VII claims for sexual harassment by her supervisor Sherwin Allen against Excellence, Inc., Bernard Snowden, Fannie Bradford, Doris Carter, and Sherwin Allen. The individual defendants are purportedly sued in both their individual and official capacities: Snowden, Bradford, and Carter serve on the Board of Trustees of Excellence, Inc. and Allen is the superintendent of Children First Academy of Houston. The individual defendants move to dismiss Swinson's claims under Rule 12(b)(6) on the grounds that they are not Swinson's employer as defined under Title VII. The motion is well taken.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of the individual's sex. 42 U.S.C. § 2000e-2(a)(1). Swinson has not alleged that she was actually employed by any of the individual defendants, in their individual capacity. Instead, she alleges that each was as an authorized agent of defendant Excellence, Inc. Because the only employment relationship alleged is between Swinson and Excellence, Inc. (d/b/a Children First Academy of Houston), there is no set of facts under which the individual defendants could be subject to Title VII liability

2

in their individual capacities. As for official liability, Title VII does define the term employer to include "any agent" of an employer. *Id.* § 2000(e)(b). However, the Fifth Circuit has interpreted Title VII not to impose individual liability for such claims; rather a Title VII suit against an agent or employee is actually a suit against the corporate employer. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). "A party may not maintain a suit against both an employer and its agent under Title VII." *Id.* Therefore, because Title VII does not impose liability on individual employees, and because a party may not maintain a suit against both an employer and its agents under Title VII, Swinson has not alleged any facts entitling her to relief against Snowden, Bradford, Carter, and Allen under Title VII.

Accordingly, the individual defendants' motion to dismiss for failure to state a claim is GRANTED. Swinson's claims against Snowden, Bradford, Carter, and Allen in their individual and official capacities are DISMISSED.

Signed at Houston, Texas on February 5, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge